## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN G. MILLETT,          )
MELODY J. MILLETT,         )
On Behalf Of Themselves and   )
All Others Similarly Situated,    )
                 Plaintiffs,   )
                         )                                 04-2447-CM
vs.                         )    Cause of Action No.:
                         )
EXPERIAN INFORMATION   )
SOLUTIONS, INC.,          )
                 Defendant.   )

## COMPLAINT- CLASS ACTION

Plaintiffs, Steven G. Millett and Melody J. Millett, by and through their undersigned attorney, bring this action on behalf of themselves and all others similarly situated for damages and injunctive relief pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681v ("FCRA"), and under the common law for damages and injunctive relief for each prospective class member for breach of contract as to Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"). Plaintiffs Steven Millett and Melody Millett bring their individual claims for damages and injunctive relief under the common law of the State of Kansas for negligent misrepresentation and fraud as to Defendant Equifax. Plaintiffs Steven Millett and Melody Millett bring their individual claims pursuant to the Kansas Consumer Protection Act, K.S.A. §§ 50-623 to 50-644 against Defendant. Plaintiff Steven Millett brings his individual claim under the common law of the State of Kansas against Defendant for negligence. For their complaint against Defendant, Plaintiffs, upon their personal knowledge as to their own acts and status, and upon information and belief as to all others, allege the following:

## 1.  PARTIES

1.      Plaintiffs Steven Millett and Melody Millett reside in Johnson County, Kansas.

2.      Defendant Experian is a corporation duly organized and existing in accordance with the laws of Ohio, is authorized to do business as a foreign corporation in the State of Kansas, and is doing business within the State of Kansas and within the territorial jurisdiction of this Court as a consumer reporting agency as defined by the provisions of the Fair Credit Reporting Act.  At all relevant times, Defendant was engaged in the retail sale of services and products, and in conjunction with said services, has engaged in interstate commerce.

## 2.  JURISDICTION AND VENUE

3.      The above named Plaintiffs, Steven Millett and Melody Millett, bring this action on behalf of themselves and all others similarly situated.

4.      Jurisdiction of this action is conferred upon this court by provisions of 28 U.S.C.§§ 1331 and 1332.  Plaintiffs' claim for breach of express and implied terms of the contracts for sale of goods and services is based on the common law.   Plaintiffs' causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for all parties.  The liability evidence establishing all causes of action will be identical and none will predominate nor create confusion to a jury.

5.      Jurisdiction of this action is conferred upon this court by 28 U.S.C. § 1343 and by 28 U.S.C.§ 1337, relating to "any civil action arising under any act of Congress regulating commerce."  Plaintiffs' claims for negligence, negligent misrepresentation, and fraud are based upon the common law of the State of Kansas.  Supplemental jurisdiction exists pursuant to 28

U.S.C.§ 1367 for these pendent state claims because they arise out of the same nucleus of operative facts as the federal claims.

6.      Supplemental jurisdiction also exists pursuant to 28 U.S.C. § 1367 for Plaintiff Steven Millett's and Plaintiff Melody Millett's Kansas Consumer Protection Act claim because those individual claims arise out of the same nucleus of operative facts as the federal claims.

7.      Plaintiffs reside in Johnson County, Kansas and venue properly lies in this court.

8.      The matter in controversy exceeds $75,000.00.  There is diversity of citizenship between the named Plaintiffs and Defendant.

### 3.  OPT-IN CLASS ACTION - CLASS ONE - FCRA

9.      Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

10.      This action is brought as a class action pursuant to Federal Rule of Civil Procedure 23(b).

11.      Plaintiffs on behalf of themselves and others similarly situated request the court to authorize sending opt-in notices of this action to the following opt-in class:

> Consumers whose credit histories, credit scores, or credit files contain information mixed or linked with the information of individuals utilizing unauthorized, identical Social Security numbers.

### 4. OPT-IN CLASS ACTION - CLASS TWO - BREACH OF CONTRACT

12.      Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

13.      This action is brought as a class action pursuant to Federal Rule of Civil Procedure 23(b).

14. Plaintiffs on behalf of themselves and others similarly situated request the court to authorize sending opt-in notices of this action to the following opt-in class:

> Present and former purchasers of credit monitoring or identity theft protection products of Defendant for the last five (5) years.

### 5.  CLASS ACTION ALLEGATIONS - CLASS ONE FCRA

15. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

16. This action is brought by Plaintiffs on behalf of themselves and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(b).

17. The class of persons that Plaintiffs represent consists of all consumers whose credit information, scores and histories were reported, transmitted, linked or compiled utilizing inaccurate, misleading or false information because the information contains, or is linked with, information that is not properly attributable to the consumer.

18. The members of the class are so numerous that joinder of all members is impractical.  While the exact number of class members is unknown to Plaintiffs at the present time, plaintiffs believe the numbers of the class are so numerous and geographically disbursed as to render joinder of all class members in this action impracticable.

19. There are common questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including:

a) Whether the conduct of Defendant and their agents and employees was such that it made false, inaccurate or untrue representations concerning credit histories, scores and information;

b)      Whether Defendant adopted reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer;

c)      Whether the statements and conduct of Defendant tended to deprive Plaintiffs and members of the class of the benefit of public confidence in their creditworthiness and the opportunity to enjoy life and utilize their credit reputation to secure the purchases of goods and/or services and to secure goods and/or services at reasonable terms.

d)      Whether Defendant and its agents and employees knew its histories, scores and reports contained false, inaccurate or untrue information or that said representations and statements were recklessly made without knowledge concerning them;

e)      Whether Defendant made the representations and statements intentionally or with reckless disregard for the truth;

f)      Whether Plaintiffs and members of the class have suffered damages as a result of the inaccurate statements, histories, scores and reports; and

g)      The class wide measure of damages.

20.    Plaintiffs will fairly and adequately represent the interest of the members of the class.  Plaintiffs have retained counsel who is competent and is experienced in class action and complex litigation.  Plaintiffs have no interest which is adverse to, or in conflict with, other members of the class.

21.     The common questions of law and fact arising in this action predominate over any questions solely affecting individual class members.  Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant's conduct alleged herein are:

a)      Central to each plaintiff's claim;

b)      Substantially identical with respect to each plaintiff's burden of demonstrating liability; and

c)      The most important and fundamental issues to be determined at trial.

22.     The class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which plaintiffs with relatively small individual claims can effectively litigate against a large, well represented corporate defendant such as Defendant.  Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

23.     There are no unusual difficulties likely to be encountered in the management of the case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action.  Class members can be easily identified from the

records of Defendant, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

24.     Whenever reference in this complaint is made to any act or transaction of Defendant, such allegation shall be deemed to mean the principals, officers, directors and employees, agents or representatives of Defendant committed, had knowledge of, performed, authorized, ratified, or directed such act or transaction on behalf of Defendant while actively engaged in the scope of their duties and responsibilities.

## 6.  CLASS ACTION ALLEGATIONS - CLASS TWO - COMMON LAW BREACH OF CONTRACT

25.     Plaintiffs hereby incorporate the preceding paragraphs, as if fully set forth herein.

26.     Plaintiffs individually and on behalf of other similarly situated consumers, bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b).  These consumers are similarly situated in that they are or did contract with Defendant to purchase identical or similar products or services.  In addition, Defendant acted in a manner applicable to all similarly situated purchasers, thereby making it appropriate for relief to be granted with respect to all. There are questions of law or fact common to all similarly situated purchasers.

27.     The number and identity of other plaintiffs yet to be named who were similarly situated consumers of Defendant are determinable from the records of the Defendant and may be easily and quickly notified of the pendency of this action.  Subsequent consent may result in the addition of other plaintiffs yet to be named who are or were similarly situated consumers or former consumers of Defendant.

28.     The members of the class are so numerous that joinder of all members is impractical.  While the exact number of class members is unknown to plaintiffs at the present

time, plaintiffs believe the numbers of the class are so numerous and geographically disbursed as to render joinder of all class members in this action impracticable.

29.     There are common questions of law and fact arising in this action which are common to plaintiffs and members which of the class, including whether Defendant breached the expressed and implied terms of the contract for sale with Plaintiffs and other members of the class through the following acts:

a)      Representing that the products they sold provided protection against financial loss from identity theft and were a time saving, early warning device for identity theft and identity fraud;

b)      Failing to properly or accurately alert Plaintiffs and members of the class of ongoing credit information fraud and identity theft;

c)      Failing to monitor the credit information fraud and identity theft resulting from the known and unauthorized use of private information;

d)      Failing to notify other major credit reporting agencies and their customers, consumers, clients, agents, employees and contractors of credit information fraud and identity theft;

e)      Failing to accurately provide accurate and complete information to Plaintiffs, members of the class, and others about credit information fraud, identity theft, credit information, credit histories and their products and services;

f)      Failing to assist to remove disputed information;

g)      Failing to provide appropriate fraud and theft notices; and

h)      Failing to insure or indemnify against the costs associated with credit fraud and identity theft as represented.

30.      As a result of such patterns and practices Defendant breached the expressed and implied terms of the contract for services with Plaintiffs and members of the class.

31.      Defendant engaged in a pattern and practice through the following acts:

a)      Defendant represented that the products it sold for a fee would protect against financial loss resulting from identity theft and fraud;

b)      Defendant represented that the combined credit reports ordered for a fee were accurate;

c)      Defendant made these false or untrue statements to induce plaintiffs and members of the class and mislead them that they were receiving a valuable product and service; and

d)      When Plaintiffs and members of the class attempted to utilize the service and products offered, Defendant failed to provide the services and products as per the contracts for purchase.

As a result of such patterns and practices Defendant breached its contracts with Plaintiffs and members of the class.

32.      Plaintiffs will fairly and adequately represent the interest of the members of the class. Plaintiffs have retained counsel who is competent and is experienced in class action and complex litigation. Plaintiffs have no interest which is adverse to, or in conflict with, other members of the class.

33.     The common questions of law and fact arising in this action predominate over any questions solely affecting individual class members.  Without limiting the generality of the foregoing, the factual and legal issues concerning the scope and effects of Defendant's conduct alleged herein are:

a)      Central to each plaintiff's claim;

b)      Substantially identical with respect to each plaintiff's burden of demonstrating liability; and

c)      The most important and fundamental issues to be determined at trial.

34.     The class action mechanism is superior to any alternatives that exist for the fair and efficient adjudication of this cause of action.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which plaintiffs with relatively small individual claims can effectively litigate against a large, well represented corporate defendant such as Defendant.  Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and repetitively decide the same issues relating to the conduct of Defendant.

35.     There are no unusual difficulties likely to be encountered in the management of the case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action.  Class members can be easily identified from the

records of Defendant, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

36.     Whenever reference in this complaint is made to any act or transaction of Defendant, such allegation shall be deemed to mean the principals, officers, directors and employees, agents or representatives of Defendant committed, had knowledge of, performed, authorized, ratified, or directed such act or transaction on behalf of Defendant while actively engaged in the scope of their duties and responsibilities.

## 7.  GENERAL ALLEGATIONS COMMON TO ALL COUNTS

37.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

38.     On or about 1989, an individual using the names Abundio P. Cuatle or Abundio Cuatle or Abundio Perez or other similar aliases began to illegally use Plaintiff Steven Millett's Social Security number in order to obtain false identification, obtain employment, obtain insurance, pay taxes through wage withholding, and to establish and open credit accounts for homes, cars and credit and/or charge cards with banks, credit unions, merchants and credit card companies.

39.     Other consumers and members of the class also had private, personal information used by the perpetrators of identity theft, credit identity theft, and credit fraud.

40.     Defendant charges a fee and receives funds for the purpose of compiling and providing consumer credit reports, providing or utilizing software for purposes of projecting a consumer credit score, and monitoring, maintaining or reviewing consumer credit files.

41.     Defendant was aware or should have been aware that multiple parties identified themselves with the same Social Security number.

42.     Defendant was or should have been aware that the credit reports, credit histories, credit files, and credit scores generated inaccurate information pertaining to Plaintiffs, and particularly Plaintiff Steven Millett and others similarly situated.

43.     Defendant was aware or should have been aware that their actions enabled and assisted the fraudulent use and conversion of Plaintiff Steven Millett's Social Security number and others similarly situated whose Social Security numbers were used on suppressed, alternate, split, duplicate or linked files.

44.     Upon information and belief, between 1989 and the present date, Plaintiff Steven Millett's and Melody Millett's insurers, mortgage lenders, potential employers, utility providers and others yet unknown to Plaintiffs utilized the credit scores, credit histories, and other information collected by and provided by Defendant in order to ascertain the credit risk to assign to Plaintiffs, to determine insurability, to determine other rates and charges, and to determine Plaintiffs' reliability.

45.     Other identity theft or credit fraud victims' insurers, mortgage lenders, potential employers, utility providers and others yet unknown to them utilized the credit scores, credit histories, and other information collected by and provided by Defendant in order to ascertain the credit risk to assign to them, to determine insurability, to determine other rates and charges, and to determine their reliability.

46.     Defendant has continually collected, added, stored, maintained, analyzed or disseminated personal and credit information about the Plaintiffs and members of the class, in reports, scores, histories and credit files it prepared, compiled, analyzed or issued which was

inaccurate, false, erroneous and misleading despite notices from the Plaintiffs and others that such information was inaccurate.

47.     On or about 1998, Plaintiffs Steven Millett and Melody Millett agreed to become obligated for home loan financing on less favorable terms than were warranted, including requirements for a disproportionately large down payment, because they were unaware that the fraudulent use of Plaintiff Steven Millett's Social Security number and the identity theft had adversely impacted their credit histories, credit reports and credit scores.

48.     Plaintiffs Steven Millett and Melody Millett were unable to obtain conventional home loan financing in January, 1999 but were unaware of the reasons or causes.

49.     When Plaintiffs Steven Millett and Melody Millett applied for financing of their current home loan, Capitol Federal Savings and Loan indicated it would issue credit on less favorable terms than would have been available if Defendant's actions had resulted in accurate credit compiling, analyzing, reporting and scoring.

50.     On or about August 20, 2002, Plaintiffs discovered that Bank of America maintained an account for an individual who was fraudulently and criminally utilizing the Social Security number of Plaintiff Steven Millett.  Despite the fact that Defendant and Bank of America were aware that another individual was also using Plaintiff Steven Millett's Social Security number, no one notified Plaintiffs concerning the impact or loss that could result from identity theft, that there was a risk that the Social Security number could be used on an ongoing basis, that credit information fraud was ongoing, or that the use of the number would impact Plaintiffs.

51.     Bank of America continued to allow the individual who was criminally and fraudulently using Plaintiff Steven Millett's Social Security number to use the number and continued to identify that individual's account with Plaintiff Steven Millett's Social Security number.

52.     Other victims of identity theft and credit fraud became obligated for financing on less favorable terms than were warranted because they were unaware that the fraudulent use of Social Security numbers had adversely impacted their credit histories, credit reports and credit scores.

53.     On or about January 24, 2003, while attempting to make a payment to a creditor through online internet access, Plaintiffs Steven Millett and Melody Millett discovered that they were unable to utilize Plaintiff Steven Millett's Social Security number to access their car payment account for making online payments or accessing his account information.

54.     Despite demands of Plaintiffs, and others similarly situated, Plaintiffs have been denied or have limited access to online account maintenance and online access to their account information with various lenders and others.

55.     Plaintiffs Steven  Millett and Melody Millett discovered the identity theft and immediately reported the identity theft as well as the improper use of the number as it pertains to Plaintiff Steven Millett's records.  Plaintiffs contacted their creditors, Defendant, as well as law enforcement officials and the known creditors of the individual illegally utilizing identity information.

56.     Other identity theft and credit fraud victims also reported the identity theft to their creditors, Defendant, as well as law enforcement officials and the known creditors of the individuals illegally utilizing identity information.

57.     Plaintiffs Steven Millett and Melody Millett immediately requested that all creditors wishing to extend credit personally contact Plaintiffs Steven Millett and Melody Millett before extending credit.

58.     Other identity theft and credit fraud victims also reported the identity theft to their creditors, and immediately requested that all creditors wishing to extend credit personally contact Plaintiffs before extending credit.

59.     When subscribers to Defendant's services retrieve information concerning Plaintiffs and members of the class through Social Security numbers searches, they receive inaccurate and misleading information.

60.     When Plaintiffs Steven Millett and Melody Millett and other members of the class contacted Defendant about their experience with others utilizing the Defendant's inaccurate, misleading and false information, Defendant offered incomplete information or inadequate assistance or provided inadequate or misleading information concerning the identity theft or credit information fraud.

61.     When Defendant's subscribers seek information about Plaintiffs Steven  Millett and Melody Millett, they receive information that is not reasonably accurate because the information includes information about individuals utilizing Plaintiff Steven Millett's private information.

62.     When Defendant's subscribers seek information about individual members of the class, they receive information that is not reasonably accurate because the information includes information about individuals utilizing the private information of others.

63.     When Defendant provides a report to Plaintiffs and members of the class, the information is not the same information as that provided to the subscribers of Defendant's services.

64.     On or about February 2003, a representative of Equifax Information Services, L.L.C. told Plaintiff Melody Millett that two credit files could not be maintained with the same Social Security Number.

65.     On or about April 23, 2003, Plaintiffs Steven Millett and Melody Millett learned that TransUnion L.L.C. elected to continue to maintain information and an alternate credit file for Abundio Perez who was continuing to fraudulently utilize Plaintiff Steven Millett's Social Security number.   TransUnion, L.L.C. indicated that Plaintiffs would have to contact each of the approximately 26 individual creditors of Perez to lodge their complaints of identity theft.

66.     Upon information and belief, Defendant maintains some form of suppressed, alternate, split, linked, segregated, or duplicate file.

67.     Plaintiffs and members of the class are forced to expend their own funds and resources in order to investigate and assemble, document and support their claims and remedy the effects and damages resulting from identity theft and credit information fraud.

68.     Unknown and unauthorized entities and individuals requested and received credit reports, credit information, credit histories, credit scores or personal information from Defendant

which was inaccurately suppressed, linked, collected, reported, analyzed, segregated and compiled.

69.     From January, 2003 to the present date, Plaintiffs and members of the class have been forced to expend numerous hours and their own funds in order to close multiple accounts opened by fraud and to monitor the conduct of Defendant and individuals and entities who extend credit or utilize information provided by Defendant or who subscribe to Defendant for information provided by Defendant.

70.     Upon information and belief, members of the class and their spouses have been excluded from consideration for certain housing, insurance, credit and employment opportunities due to information contained within, provided by, or disseminated by Defendant, information which is accessed by others for background checks, security clearances, and information checks.

71.     Plaintiffs and members of the class have experienced pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security.

72.     Plaintiffs and members of the class were forced to release their personal, confidential information to several law enforcement agencies, creditors and others in order to have the identity theft and credit information fraud investigated.

73.     On or about May 5, 2003, Experian employees or agents told Plaintiff Melody Millett that a credit file existed with Plaintiff Steven Millett's Social Security number which would not be shown to plaintiffs.

74. On or about June 6, 2003, the issuer of credit for Sam's Club denied credit to Steven Millett because his Equifax credit bureau file reflected a report of fraud and his identification was unverifiable.

75. Defendant knew or should have known of the identity theft and credit information fraud.

76. Defendant continues to falsely report the true status of credit histories, credit information and personal information, including Plaintiff Steven Millett's Social Security number and those of other members of the class.

77. Despite numerous requests and demands of Plaintiffs Steven Millett and Melody Millett, Defendant has refused to accurately report the suppressed, alternate, duplicate, linked or split credit files utilizing plaintiff Steven Millett's fraudulently obtained Social Security number or to accurately report Plaintiff Steven Millett's and Melody Millett's information.

78. Despite requests and demands by Plaintiffs, members of the class, and others, Defendant has refused to include a statement in the alternate, suppressed, linked, split or duplicate credit files which indicates the identity theft or the true and accurate assignment of Plaintiff Steven Millett's Social Security number as well as the identity theft or the true and accurate information of other members of the class.

79. Despite numerous requests and demands of members of the class, Defendant has refused to disclose the contents of the suppressed, alternate, duplicate, linked or split credit files utilizing fraudulently obtained Social Security numbers or other private information of members of the class or to accurately report Plaintiffs' information and the information of members of the class.

80.     Defendant has refused to take steps to prevent or halt the ongoing use of Plaintiffs' Social Security numbers and those of the members of the class as well as other private information.

81.     By maintaining, analyzing, compiling, reporting and scoring the suppressed, alternate, split, linked or duplicate credit files, Defendant enables the perpetrators of the identity theft and credit information fraud to continue to obtain credit and to continue to utilize Plaintiffs' Social Security numbers and other private information and the Social Security numbers and other private information of the members of the class.

82.     By maintaining, analyzing, scoring, reporting and compiling the suppressed, alternate, split, linked or duplicate credit files, Defendant is able to charge a fee when requests are received to access, analyze, score or compile information pertaining to the suppressed, alternate, split, linked or duplicate credit files.

83.     Upon information and belief, the fraud alerts placed on the credit files of Plaintiffs and those similarly situated do not appear on the credit files of the identity theft and credit information fraud perpetrators.  The existence of fraud alerts, required by the conduct of Defendant, reduces access to credit markets and credit financing.

84.     Criminal charges have been brought against the individual who utilized or is utilizing Plaintiff Steven Millett's Social Security number.  Plaintiffs are required to monitor whether Defendant's records will incorrectly attribute the criminal information to Plaintiff Steven Millett.

85.     Plaintiffs and members of the class have experienced economic losses attributable to the actions of Defendant including telephone charges, finance charges, charges for credit

monitoring products, unwarranted taxation, travel costs, postage, document fees, attorneys fees, photocopy costs, legal fees and costs, and the expenses and costs associated with obtaining credit products and services on less favorable terms.

86.     Plaintiffs and members of the class have been unable to fully access and utilize credit markets and credit financing.

87.     Plaintiffs and members of the class, on some occasions, applied for credit jointly.

88.     Plaintiffs and members of Class Two were induced to purchase products offered by Defendant which were advertised as products that would help protect Plaintiffs from identity theft and monitor credit reporting.  The products offered numerous features and Plaintiffs and Members of Class Two expended monthly, quarterly or annual fees to purchase the products.

89.     Plaintiffs and members of Class Two also had the option to upgrade to premium products for identity theft protection and credit information fraud protection, as well as alerts. Additional services were offered and additional premiums were required to be paid by Plaintiffs and members of Class Two.

90.     Defendant represented that the purchase of their products and services protected against identity theft, saved consumers time and worry by monitoring their individual credit files for them, provided notification of acts that might be the warning signs of identity theft, provided identity theft insurance, provided email alerts of possible identity theft activity, provided dedicated customer service, provided online dispute services, and provided comprehensive credit histories and credit reports.

91.     On or about August 2002, Plaintiffs Steven Millett and Melody Millett purchased the products and services of Defendant Equifax Credit Information Services, Inc.  In June 2003,

Plaintiffs Steven Millett and Melody Millett purchased the products and services of TransUnion

L.L.C. and Experian Information Solutions, Inc..

92.    Plaintiffs who are members of Class Two purchased the products and services of

Defendant.

93.    Defendant failed to provide the products and services as per its contracts with

Plaintiffs and members of the class.

94.    The products and services sold by Defendant did not help protect Plaintiffs and

members of the class against identity theft, did not save Plaintiffs time and worry by effectively

monitoring credit files, did not provide notification of the warning signs of identity theft, did not

provide email alerts of ongoing identity theft activities, did not provide adequate customer

service, did not provide adequate online dispute services, did not provide accurate and

comprehensive credit histories and reports, and did not pay for losses attributable to identity

theft.

95.    Defendant failed to provide adequate notifications or alerts as represented.

96.    Defendant charged a fee and received funds for the purpose of providing credit

reports, combining information, maintaining consumer credit files, analyzing credit information

and providing products and services.

97.    Defendant acted with malice or willful intent to injure Plaintiffs and members of

the class.

98.    Plaintiff Melody Millett's employment opportunities have been affected by the

inaccurate reports concerning Plaintiff Steven Millett.

99.      Plaintiffs and members of the class are consumers as defined at 15 U.S.C. § 1681a(c).

100.     Defendant is a consumer reporting agency, as that term is defined at 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating and furnishing consumer reports, as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

101.     Defendant, by engaging in the activities described herein, aids serial identity theft.

102.     Defendant, by engaging in the activities described herein, aids in the conversion and misappropriation of Plaintiff Steven Millett's Social Security number and those of members of the class.

103.     Defendant has concealed the existence or contents of suppressed, alternate, duplicate, or split credit files.

104.     Defendant has a duty to protect information about consumers.

105.     When Defendant or its customers, clients, contractors, employees and/or agents conduct an asset search or skip trace search, Plaintiff Steven Millett's name appears along with the name of an individual who has an arrest record, and, upon information and belief, a criminal record.

106.     Plaintiffs and members of the class are required to constantly and diligently monitor their credit records, credit histories and other information in order to reduce the impact of Defendant's actionable conduct.  The failure by Defendant to fully disclose information to consumers impacts their ability to monitor and correct inaccurate and misleading information.

107.     Plaintiffs Steven Millett and Melody Millett have received unwarranted, unwelcome and/or anonymous telephone calls and mail as a result of the use by multiple

individuals of Plaintiff Steven Millett's Social Security number and the actions of Defendant to perpetuate or enable that use.

108.    Unknown and unauthorized entities and individuals requested and received Plaintiffs' personal information and that of the members of the class and utilized Plaintiffs' personal information, including Plaintiffs' Social Security numbers and those of members of the class.

109.    Defendant engages in the unauthorized use, dissemination and reporting of the private information of Plaintiffs and members of the class.

110.    Defendant has misrepresented the content of the credit files, histories and reports provided to subscribers.

111.    Defendant charges a fee to subscribers and its revenue increases when an inquiry about a consumer results in the disclosure of more than one individual.

112.    Defendant sells products and services to verify and access Social Security numbers as well as products and services to verify the individual most likely to be the authorized user of a Social Security number.  Defendant charges a fee for these services.

## 8.  COUNTS

### COUNT I -WILLFUL VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. - CLASS ACTION

113.    For Count I of their cause of action against Defendant, Plaintiffs, on behalf of themselves and other similarly situated state as follows:

114.    Plaintiffs incorporate as if fully set out herein all of their preceding allegations.

115.     Plaintiffs forwarded to Defendant or its contractors, agents, customers or representatives, on multiple occasions, notification of Plaintiffs' disputes and requested that Defendant conduct a reinvestigation.

116.     Defendant failed and/or refused to conduct an adequate investigation and/or accurately report or compile the disputed information and continued to report, link, compile or utilize false, inaccurate and misleading information concerning Plaintiffs and members of the class and continued to link, compile, utilize and provide reports or suppressed reports to third parties that contained such false, inaccurate and misleading information, in violation of the provisions of 15 U.S.C. § 1681i(a).

117.     Defendant, in linking, preparing, compiling, and analyzing consumer reports concerning plaintiffs, failed to follow reasonable procedures to assure maximum possible accuracy of the information in the reports, in violation of 15 U.S.C. § 1681(b) and 1681e.

118.     Defendant's conduct, as more fully set out herein above, constitutes violations of the Fair Credit Reporting Act.

119.     Defendant has refused to disclose the nature and substance of the suppressed, linked, alternate, duplicate, or split files.

120.     Defendant has failed to adequately reinvestigate and record the current status of disputed credit information.

121.     Defendant  willfully failed to comply with the Fair Credit Reporting Act in violation of 15 U.S.C. § 1681e(b).

122.     Defendant failed to make reasonable efforts to insure accuracy of private information of Plaintiffs and members of the class.

123.     As a direct and proximate result of Defendant's conduct, Plaintiffs and members of the class have been damaged in that they have sustained denials of credit; their personal, consumer and credit reputations have been damaged; and they have suffered extreme emotional distress, embarrassment, humiliation, and aggravation.

124.     As a result of the above violations of the Fair Credit Reporting Act, the Defendant is liable to Plaintiffs and members of the class as set out at 15 U.S.C. 1681n  in the sum of Plaintiffs' actual damages or statutory damages, punitive damages, the costs of this action and reasonable attorneys fees.

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, request judgment against Defendant and each of them for actual damages or for statutory damages, for punitive damages, for attorney fees as provided for by statute, the costs of this action, and such other and further relief as the Court may deem just and equitable.

## COUNT II - NEGLIGENT VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.  - CLASS ACTION

125.     Plaintiffs, for Count II of their cause of action against Defendant, on behalf of themselves and others similarly situated, state as follows:

126.     Plaintiffs incorporate as if fully set out herein all of their preceding allegations.

127.     Defendant negligently failed to comply with the Fair Credit Reporting Act.

128.     As a direct and proximate result of Defendant's conduct, Plaintiffs and members of the class have been damaged as set out in Count I above.

129.     As a result of the above violations of the Fair Credit Reporting Act, the Defendant is liable to Plaintiffs as set out at 15 U.S.C. 1681o in the sum of Plaintiffs' actual damages, the costs of this action and reasonable attorneys fees.

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated request judgment against Defendant for actual damages, for attorney fees as provided for by statute, the costs of this action, and such other and further relief as the Court may deem just and proper.

## COUNT III – BREACH OF CONTRACT - CLASS ACTION

130.    For Count III of their cause of action against Defendant, Plaintiffs, on behalf of themselves and other similarly situated, state as follows.

131.    Plaintiffs incorporate the preceding allegations of their Complaint as if more fully set forth herein.

132.    Plaintiffs and members of the class entered into similar individual contracts with Defendant and Defendant contracted to provide credit monitoring or identity theft protection services and products to plaintiffs, members of the class, and others.

133.    Plaintiffs and members of the class relied upon Defendant to perform in accordance with its contracts.

134.    Defendant failed to perform its contract or contracts with Plaintiffs and members of the class.

135.    Defendant's breach was the proximate cause of damages of Plaintiffs and members of the class.

136.    Federal common law governs the enforcement and interpretation of the contracts because the rights of the parties and legal policies pertaining to the contracts derive from federal statutes pertaining to information reporting, utilization of private information, credit reporting and scoring, disputed consumer information, identity theft and credit information fraud.

WHEREFORE, Plaintiffs, for themselves and on behalf of others similarly situated, request a judgment against Defendant in such amount as is fair and reasonable, for the costs of this action and its reasonable attorneys fees as determined by this Court, for the return of monies paid to Defendant, and for such other just and equitable relief allowed in law or in equity.

## COUNT IV - NEGLIGENCE  - PLAINTIFF STEVEN MILLETT

137.    Plaintiff Steven  Millett, for Count IV of his individual cause of action against Defendant, state as follows:

138.    Plaintiff incorporates as if fully set out herein all of their preceding allegations.

139.    Defendant owed a duty to use reasonable care to truthfully and accurately provide information and to follow reasonable procedures to assure accuracy of the information provided.

140.    Defendant breached its duty of care by publishing false, inaccurate and misleading information related to third parties.

141.    Defendant's conduct, in violating the Fair Credit Reporting Act, constitutes negligence per se.

142.    Plaintiff is among the class of people whom the Fair Credit Reporting Act is designed to protect.

143.    Plaintiffs' injuries are of the type that the Fair Credit Reporting Act was designed to prevent.

144.    Defendant intentionally suppressed, linked, compiled, maintained, analyzed and published false, inaccurate and misleading information knowing it would result in harm to Plaintiff, falsely reported information, created the need for products and services to aid in the

protection against identity theft and credit information fraud, provided information to others that it did not provide to Plaintiff, and withheld information from Plaintiff.

145.     As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and has been forced to expend sums to correct inaccuracies in the representations made by Defendant, has been forced to monitor his private information, has been forced to place fraud alerts on his file, has been denied access to online services, has been forced to disclose private information, has been excluded from opportunities, has experienced pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, has been forced to purchase identity theft and credit protection products, has been subjected to unwelcome telephone calls and mailings, has experienced other losses, and has incurred other damages.

146.     Defendant's willful or negligent conduct, in suppressing, linking, compiling, maintaining, analyzing and publishing such false, inaccurate and misleading information, in providing products and services to aid in the protection against identity theft and credit information fraud, in creating the need for products and services to aid in the protection against identity theft and credit information fraud, in providing information to its subscribers and others, in withholding information from Plaintiffs that was disclosed to others, and in misrepresenting the information which was available about Defendant was negligent and without just cause or excuse and entitles Plaintiff to the recovery of punitive damages.

WHEREFORE, Plaintiff requests judgment against Defendant in a sum fair and reasonable, for punitive damages, and such other and further relief as the Court may deem just and proper.

## COUNT V - KANSAS CONSUMER PROTECTION ACT

147.    For Count V of their Complaint against Defendant, Plaintiffs Steven Millett and

Melody Millett, as individuals, state as follows:

148.    Plaintiffs Steven  Millett and Melody Millett incorporate the preceding

paragraphs as if more fully set forth herein.

149.    Plaintiffs' purchases of consumer protection products were consumer transactions

subject to the Kansas Consumer Protection Act.  K.S.A. 50-624, and 50-626(a) and (b).

150.    Defendant failed to state a material fact or concealed, suppressed or omitted a

material fact concerning its products.

151.    Plaintiffs relied upon Defendant's misrepresentations.

152.    Defendant's misrepresentations resulted in economic loss and other injuries to

Plaintiffs.

153.    Defendant's silence, failure to provide adequate information, failure to adequately

document, compile or record the credit files, failure to provide adequate warnings, failure to

properly analyze information, failure to reimburse for identity theft losses, and their assistance to

the perpetrator of the credit information fraud and identity theft, deprived Plaintiffs Steven

Millett and Melody Millett of the opportunity to clear their reputations and mitigate their

damages.

154.    Plaintiffs were unable to receive a material benefit from the subject of the

purchases from Defendant and Defendant induced Plaintiffs to enter into a transaction that was

excessively one sided in favor of Defendant.

155.     Defendant made representations knowingly or with reason to know that the products and services had characteristics or benefits that they do not have and willfully failed to state or concealed material facts.

156.     Defendant knew or should have known that Plaintiffs would be damaged as a result.

WHEREFORE, Plaintiffs seek a judgment against Defendant in a sum fair and reasonable, for the costs of this action, for their attorneys fees, for statutory damages for each violation, and for such other amounts and relief as may awarded in law or equity.

## COUNT VI- FRAUD

157.     Plaintiffs Steven Millett and Melody Millett, for Count VI of their cause of action against Defendant, state as follows:

158.     Plaintiffs incorporate the preceding paragraphs as if more fully set forth herein.

159.     Defendant unlawfully receives income derived directly or indirectly from a scheme or artifice, or was employed by or associated with those engaged in an enterprise to scheme or defraud.

160.     Defendant conspired and has conspired with others, including the fraudulent users of converted Social Security numbers, to convert and misappropriate private information and the exclusive assignment of those numbers.

161.     Defendant has devised a scheme or artifice for obtaining money, by means of false or fraudulent pretenses, information in written, digital or other form for the purpose of executing a scheme or artifice.

162.    Defendant foreseeably used the wires in interstate commerce in a scheme with fraudulent users of Social Security numbers.

163.    Plaintiffs and members of the class have suffered injury to business or property by reason of the enterprise.

164.    Defendant has misappropriated confidential information in furtherance of the scheme or conspiracy.

165.    Defendant has concealed material facts in furtherance of the conspiracy.

166.    Defendant has conspired to deprive Plaintiffs and members of the class of the intangible right to accurate credit information and scoring, to privacy, to exclusive use of an individually assigned Social Security number, to monetary loss, to humiliation and shame, and to the right to access credit and financial resources.

167.    Defendant advertised and sold products and services to monitor credit and provide identity theft protection.

168.    The products and services provided did not adequately monitor credit or provide identity theft protection.

169.    Defendant acted with intent or in the furtherance of a scheme reasonably calculated to deceive persons of ordinary prudence and comprehension, including engaging in baseless, false or reckless representations.

WHEREFORE, Plaintiffs request a judgment against Defendant for punitive and actual damages, and for such other just and equitable relief allowed in law or in equity.

### COUNT VII - NEGLIGENT MISREPRESENTATION

170.     Plaintiffs Steven Millett and Melody Millett, for Count VII of their cause of action against Defendant state as follows:

171.     Plaintiffs incorporate the preceding paragraphs of their Complaint as if more fully set forth herein.

172.     Defendant misrepresented its intent and ability to perform as required by contracts with Plaintiffs.

173.     Defendant concealed material facts.

174.     Defendant knew or should have known the misrepresentations were false.

175.     The misrepresentations were material to the decision by Plaintiffs to purchase products and services from Defendant and to rely upon the reports and other products of Defendant.

176.     Plaintiffs reasonably relied upon the misrepresentations.

177.     Defendant advertised and sold products and services to monitor credit and provide identity theft protection.

178.     The products and services provided did not adequately monitor credit or provide identity theft protection.

179.     Plaintiffs suffered damages as a result of the misrepresentations.

WHEREFORE, Plaintiffs for themselves and on behalf of all others similarly situated seek a judgment in their favor for this count in an amount in excess of $75,000, for injunctive relief, and for such other and further relief as this Court shall deem just and equitable.

### COUNT XIII - INJUNCTIVE RELIEF

180.     Plaintiffs incorporate the preceding allegations as if fully set forth herein.

181.    The actions of Defendant constitute irreparable, ongoing and immediate harm to Plaintiffs Steven Millett and Melody Millett and members of the class.

182.    Corrections to Plaintiffs' personal information and to the suppressed, alternate, linked, split and duplicate credit files are immediately necessary to prevent further and ongoing irreparable harm.

WHEREFORE, Plaintiffs seek an Order from this Court providing the following damages and injunctive relief:

A.    Defendant and its successors, assigns, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Court's Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

    i.    Making, or assisting in the making, directly or by implication, in connection with the collection, disclosure, sale, or offering for sale of any private information, any false or misleading representation about Plaintiffs' identities and that of credit information fraud and identity theft perpetrators;

    ii.    Making, or assisting in the making, directly or by implication, in connection with the collection, disclosure, sale, or offering for sale of any private information, any statement or representation of material fact that is false or misleading;

iii.    Disclosing, disseminating, distributing, analyzing, or selling, without the prior written consent of the consumer to whom such information relates, any private information obtained where it is known or there is reason to know that such information is untrue;

iv.    Releasing information to subscribers who attempt to obtain information about Plaintiff Steven Millett or other members of the class by use of an inquiry based solely upon the use of the Social Security number issued to Plaintiff Steven  Millett or other members of the class; and

v.    Provide the same reports to Plaintiffs as those provided to subscribers.

B.    Defendant and its successors, assigns, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby ordered to require the use of consumers' Social Security numbers or another item of information as unique identifiers in all records, including paper, digital, imaged and electronic forms.

C.    If Plaintiffs should have evidence that the credit, financial, and personal information of Plaintiff Steven Millett referenced in this Complaint is materially misrepresented or that any other material misrepresentation or omission concerning the facts as alleged herein is misrepresented, Plaintiffs may move that this Court reopen this Order for the sole purpose of allowing the award of monetary liability of the Defendant.

D.   Defendant will maintain a copy of the Order in the file and records of Plaintiffs as well as in any alternate, duplicate, split or linked credit files and deliver a copy of the Judgment to all current and future principals, officers, directors, and managers, and to all current and future employees, agents, and representatives, within 30 days of the date of the Judgment.

E.   Defendant will provide a copy of the Order to anyone requesting, analyzing, scoring or compiling information concerning Plaintiffs or accessing the suppressed, alternate, duplicate, linked or split credit files or requesting information pertaining to the suppressed, alternate, linked. duplicate or split credit files.

Respectfully Submitted,

   /s/ Barry R. Grissom   
Barry R. Grissom #10866
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 341-6616
(913) 341-4780-Fax
bgrissom@sprintmail.com
Attorney for Plaintiffs

YEAGER LAW FIRM, L.L.C.

   s/ B. Joyce Yeager   
B. Joyce Yeager #18932
7270 W. 98th Terrace
Building 7, Suite 220
Overland Park, KS 66212
(913) 648-6673
(913) 648-6921 Facsimile
jyeager@joyceyeagerlaw.com

ATTORNEYS FOR PLAINTIFF CLASS
REPRESENTATIVES

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place for trial.

   /s/ Barry R. Grissom   
Barry R. Grissom #10866